NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

**SEP 24 2025**

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JOSE DE JESUS GARAY-GONZALEZ,<br><br>Defendant - Appellant. | No. 25-1312<br><br>D.C. No.<br>1:16-cr-00225-DCN-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted September 17, 2025[**]

Before: SILVERMAN, OWENS, and BRESS, Circuit Judges.

Jose de Jesus Garay-Gonzalez appeals pro se from the district court's order

denying his third motion for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A)(i), and his first motion for a sentence reduction under 18 U.S.C.

§ 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Although Garay-Gonzalez is correct that the district court erred in concluding that his father's illness could not constitute an extraordinary and compelling reason, the court did not abuse its discretion in denying compassionate release. *See United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (stating standard of review). Even if the court had considered Garay-Gonzalez's argument about his father, it would not have found this circumstance extraordinary and compelling because Garay-Gonzalez failed to show his father was incapacitated or that Garay-Gonzalez was the only available caregiver. *See* U.S.S.G. § 1B1.13(b)(3)(C). Moreover, any error by the district court in evaluating Garay-Gonzalez's reasons for compassionate release was harmless because the court also reasonably concluded that "the 18 U.S.C. § 3553(a) factors continue to weigh against release," which provided an independent basis to deny relief. *See Wright*, 46 F.4th at 947-48.

Turning to Garay-Gonzalez's § 3582(c)(2) motion for a sentence reduction, the record supports the district court's conclusion that Garay-Gonzalez did not receive "status points" under U.S.S.G. § 4A1.1 when he was sentenced. The district court, therefore, correctly concluded that Garay-Gonzalez's Guidelines range had not been lowered by the applicable amendment and he was accordingly ineligible for relief. *See* U.S.S.G. § 1B1.10(a)(1); 18 U.S.C. § 3582(c)(2).

**AFFIRMED.**

25-1312